IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FRANK KENRIC MARSH, )
)
)
     Petitioner, pro se, )
)
v. ) 1:06CV1108
)
THEODIS BECK, Secretary, North )
Carolina Dep't of Correction, )
)
     Respondent. )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on Respondent's motion to dismiss (docket no. 5). Pro se Petitioner Frank Kenric Marsh did not respond in opposition to the motion and in this respect the matter is ripe for disposition. Because the parties have not consented to the jurisdiction of the magistrate judge, the court must deal with the motion by way of recommendation. For the reasons discussed herein, it will be recommended that the court grant Respondent's motion to dismiss on statute of limitations grounds.

**I. Background**

Petitioner is a state court prisoner who, on January 7, 2005, in Guilford County Superior Court, pled guilty to two counts of habitual felon status, two counts of

trafficking in cocaine, two counts of possession with intent to sell and distribute cocaine, and one count of feloniously maintaining a vehicle or dwelling place for keeping a controlled substance. (Ex. 1.) The court consolidated the counts and sentenced Petitioner to a term of 93-121 months imprisonment. (Ex. 1 and Commitment Form.) Petitioner was represented by Michael Grace, *id.*, and he did not appeal.

On or about November 28, 2005, Petitioner submitted a pro se Motion for Appropriate Relief (MAR) to the Guilford County Superior Court. (Ex. 2). The MAR court denied Petitioner's claims in an order filed January 19, 2006. (Ex. 3.) On or about February 13, 2006, Petitioner filed a pro se petition for writ of certiorari in the North Carolina Court of Appeals. (Ex. 4; State's Resp. at Ex. 5.) The Court of Appeals denied the petition on March 3, 2006. Petitioner submitted a second pro se certiorari petition to the North Carolina Court of Appeals on or about July 19, 2006. (Ex. 7; State's Resp. at Ex. 8.) The Court of Appeals denied the second certiorari petition on August 7, 2006. On September 18, 2006, Petitioner filed a pro se petition for writ of certiorari in the North Carolina Supreme Court. The North Carolina Supreme Court dismissed the petition on October 5, 2006. (Ex. 10.) Petitioner submitted his federal habeas application to this court on November 29, 2006.

Petitioner raises the following contentions in his federal habeas petition: (1) that he received ineffective assistance of counsel; (2) that his convictions were obtained in violation of the Fourteenth Amendment of the United States Constitution

and the Double Jeopardy Clause because his multiple convictions were based on the same transaction; and (3) that his convictions were obtained in violation of the Fourteenth Amendment because the State forced him to plead guilty by charging him cumulatively.

## II. Analysis

Respondent contends that the petition is filed outside of the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendments to 28 U.S.C. § 2254. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. *See* 28 U.S.C. § 2244(d)(2). Finally, for petitioners whose convictions became final before the effective date of the AEDPA, the one-year period is not triggered by the date the conviction became final, but instead by the effective date of the AEDPA, April 24, 1996. Accordingly, petitioners whose convictions became final before the enactment of the AEDPA had until April 24, 1997, to file their petitions. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

Because Petitioner pled guilty and received a correct, lawful consolidated sentence in the presumptive range, he had no right to appeal.[1] *See* N.C. GEN. STAT. § 15A-1340.17(C) and (e) (2005) and N.C. GEN. STAT. § 15A-1444(a1) and (a2) (2005) (right to appeal from guilty plea limited). *See also State v. Hamby*, 129 N.C. App. 366, 499 S.E.2d 195 (1998) (defendant who could not have raised any of the issues enumerated in section 15A-1444(a2) had no right to appeal) and *State v. Williams*, 116 N.C. App. 354, 447 S.E.2d 437 (appeal dismissed because defendant was not entitled to appellate review as a matter of right under section 15A-1444(a1),

---

[1] Even if Petitioner had a right to appeal, it would have expired 14 days later when his time to file a notice of appeal expired, and the statute of limitations outcome would be no different. *See* N. C. R. APP. P. Rule 4(a).

*cert. denied,* 338 N.C. 523, 452 S.E.2d 823 (1994). Petitioner's conviction therefore became final on January 7, 2005, the day judgment was entered. *See United States v. Sanders,* 247 F.3d 139, 142 (4th Cir. 2001) (where section 2255 petitioner pled guilty to conspiring to distribute cocaine and did not appeal, judgment of his conviction became final for purposes of the AEDPA one-year limitations period on date in which trial court entered judgment against him).

The statute of limitations then ran for 325 days until Petitioner submitted his first pro se MAR on or about November 28, 2005, and was tolled until the North Carolina Court of Appeals denied his first pro se certiorari petition on March 3, 2006. *See* 28 U.S.C. § 2244(d)(2); *see also Hernandez*, 225 F.3d at 438 (finding that the one-year deadline was tolled from the date the MAR was filed and the date the North Carolina Court of Appeals denied certiorari). Petitioner then had forty days to file his § 2254 petition, or until April 12, 2006. Because Petitioner did not submit his habeas petition until November 29, 2006, it is over seven months late and is therefore barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1). Moreover, neither Petitioner's second certiorari petition submitted to the North Carolina Court of Appeals on July 19, 2006, nor his certiorari petition submitted to the North Carolina Supreme Court on September 18, 2006, served to toll the one-year statute of limitations because they were filed after the one-year statutory period had already expired. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000) (subsequent petitions cannot breathe new life into an already expired one-year period of limitation).

-5-

Case 1:06-cv-01108-JAB-WWD   Document 10   Filed 08/10/07   Page 5 of 7

In sum, for the reasons stated above, the petition is time-barred. Furthermore, Petitioner is not entitled to the benefit of equitable tolling. *See Pearson v. State*, 130 F. Supp. 2d 742, 744-45 (W.D.N.C. 2001). Equitable tolling is "reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The record here reveals no circumstances that would warrant equitable tolling. In the habeas petition itself, Petitioner argues that the court should not apply the one-year period of limitations to his petition because

> [I]t's almost impossible to be timely while being a prisoner. We laymen are in a position where it's very difficult to obtain legal materials because state prisons do not have law libraries or computer's [sic] for the purpose of legal research. Therefore, any way that this petition is untimely, it would be the result of the state's actions and/or failure. A complete denial of access to the courts.

(Petition ¶ 18.) Petitioner's argument is without merit. A petitioner's failure to timely file a § 2254 petition is not excused simply because he claims that he had inadequate access to legal materials, is proceeding pro se, or is ignorant of the relevant case law. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

## III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's motion to dismiss (docket no. 5) be **GRANTED** and that the petition be **DISMISSED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

August 10, 2007